FILED
MAR 27 2007
~~EDWARD J KLECKER~~, CLERK
U S DISTRICT COURT-NORTH DAKOTA

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

IN THE MATTER OF THE SEARCH OF:
One Hewlett Packard entertainment PC
laptop, Serial Number CNF704149T

**SEARCH WARRANT RETURN**

3:07-mj-26

DATE WARRANT RECEIVED: 03/26/2007

DATE AND TIME WARRANT EXECUTED: 03/27/2007   9:45 AM

COPY OF WARRANT AND RECEIPT
FOR ITEMS LEFT WITH: Theresa Semmens, NDSU ITS

INVENTORY MADE IN THE PRESENCE OF: Theresa Semmens

INVENTORY OF PROPERTY TAKEN PURSUANT TO SEARCH WARRANT:

One (1) Hewlett Packard entertainment PC laptop serial # CNF704149T

### CERTIFICATION

I swear that this inventory is a true and detailed account of the property taken by me on the search warrant.

JOHN A. DALZIEL

Subscribed, sworn to, and returned before me this date:

March 27, 2007
Date

Karen K Klein
United States Judge or Magistrate

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

IN THE MATTER OF THE SEARCH OF:
One Hewlett Packard entertainment PC
laptop, Serial Number CNF704149T

**SEARCH WARRANT**

3:07-mj-26

TO:   Special Agent John A. Dalziel and any Authorized Officer of the United States:

Affidavit(s) having been made before me by John A. Dalziel, who has reason to believe that on the property described as One Hewlett Packard entertainment PC laptop, Serial Number CNF704149T, which is currently in the secure custody of the NDSU Information Technology Security (ITS) Department located on the campus of the North Dakota State University, in the District of North Dakota, is electronic information that constitutes evidence of the commission of a criminal offense; and/or contraband, the fruits of crime or things otherwise criminally possessed; and/or property designed or intended for use or which is or has been used as a means of committing a criminal offense, concerning a violation of Title 18, United States Code, Sections 2252(a)(2); 2252(a)(4)(B); and 2256, as listed in Attachment A.

I am satisfied that the Affidavit, including Attachment A, and any recorded testimony, establish probable cause to believe that the property so described is now concealed on the premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before

_____March 28, 2007_____ (not to exceed 10 days) the place named above for the property specified, serving this warrant and making the search (in the daytime - 6:00 a.m. to 10:00 p.m.) ~~(at any time in the day or night as I find reasonable cause has been established)~~ and if the property be found there to seize same, leaving a copy of this warrant and receipt for the property taken, and prepare a written inventory of the property seized and promptly return this warrant to Magistrate Judge Karen K. Klein as required by law.

__March 26, 2007 at 4:33pm__ at __Fargo, North Dakota__
Date and Time Issued                                City and State

KAREN K. KLEIN                              _Karen K Klein_
United States Magistrate Judge
Name and Title of Judicial Officer          Signature of Judicial Officer

ATTACHMENT A
ITEMS TO BE SEARCHED FOR, SEIZED, AND EXAMINED:

1. Any data stored within the subject computer, which has been used or may be used 1) to visually depict minors engaged in sexually explicit conduct and/or child erotica; 2) to advertise, transport, distribute, receive, collect and possess visual depictions of minors engaged in sexually explicit conduct and/or child erotica; 3) to run and operate a file-server and 4) to show or evidence a sexual interest in minors or desire or motive to collect or distribute visual depictions of minors engaged in sexually explicit conduct.

2. Records, documents, writings, and correspondence with others pertaining to possession, receipt, distribution, transportation or advertisement of visual depictions of minors engaged in sexually explicit conduct.

3. Correspondence, records, notes, and all other communications pertaining to Internet Web sites containing the advertising of child pornography, or the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8)(A).

4. Photographs, pictures, computer-generated images, or similar visual depiction, videos, video-clips, movie or similar recording containing visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

5. Any and all photographs, videos, letters, written narratives and computer text files or any other electronic matter to show or evidence a sexual interest in minors or desire or motive to advertise, distribute, transport, receive, collect or possess visual

depictions of minors engaged in sexually explicit conduct.

6. Any and all records showing or bearing indicia of the use, ownership, possession, or control of the subject computer.

7. Any correspondence, including, but not limited to, electronic mail, chat logs, IRC logs, ICQ logs, all usage records for distributed file sharing technologies, and electronic messages, offering to distribute and receive visual depictions of minors engaged in sexually explicit conduct, or to show or evidence a sexual interest in minors or desire or motive to advertise, distribute, transport, receive, collect and possess visual depictions of minors engaged in sexually explicit conduct.

8. Keys, storage combinations, passwords, and paperwork which indicate any other storage containers or facilities that could contain evidence of collection, advertising, transport, distribution, receipt, or possession of child pornography.

## ADDENDUM TO SEARCH WARRANT

1.  The search authorized by this warrant shall be completed within sixty days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court.

2.  In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology that avoids searching files, documents or other electronically stored information which is not identified in the warrant.

3.  Should the government not locate any of the items specified in the warrant (or other contraband, instrumentalities, or property subject to forfeiture) within the authorized search period, the government shall return the devices to the owner.

4.  If electronically stored data or documents have been identified and seized by the government pursuant to this warrant, the government may retain the original hard drive or other data storage mechanism. The person from whom the data storage device has been seized may request that the government provide him or her with electronic copies of the electronically stored data or documents by making a written request to the United States Attorney's office, identifying with specificity the files, data, or software sought to be copied. The government must respond to all such requests within a reasonable amount of time, and must provide a copy of the electronically stored data or documents requested unless the copies requested constitute contraband, instrumentalities, or property subject to forfeiture.

5.  Nothing in this warrant shall limit or prevent the government from seizing the computer as contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

6.  The government shall establish a search methodology governing the review of seized data to ensure that no attorney-client privileged communications will be inadvertently reviewed by the prosecution team. In the event that documents or other records seized pursuant to this warrant are identified by the government as possibly containing attorney-client privileged communications, an Assistant United States Attorney, who is not a member of the prosecution team and who is not participating in the search, shall act as a "taint team" to set up an "ethical wall" between the evidence and the prosecution team that will prevent any privileged material from getting through.

7.  Should there be a dispute or question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.